Crozier, S. J.,
delivered the opinion of the court.
The record in this case shows that the plaintiff had recovered a judgment before a Justice of the Peace, in Greene county, against the defendant. The defendant gave bond and security for the prosecution of an appeal from the judgment of the Justice to the Circuit Court. The papers in the case were transferred to the Circuit Court and a trial was had before a jury which resulted in a verdict in favor of the defendant. The plaintiff moved for a rule for a new trial, which was discharged by the Court, and he thereupon prayed an appeal to this Court which was granted, and he gave bond and security for the prosecution of the same. At this stage of the proceedings and before the term of the court had expired, the defendant’s counsel discovered that the papers in the case did not show (other than the recital in the appeal bond) that an appeal had been prayed and granted, and moved the court to set aside the order for the appeal, and to reinstate the plaintiff’s rule for a new trial which had been discharged, which was ordered to be done, and the rule for a new trial was continued over until the next term of the court. At the following term the rule for a new trial was made absolute, and thereupon, the defendant’s counsel asked leave to amend the proceedings, *107 so as to show that an appeal had been prayed from the judgment of the Justice, which amendment was allowed. Another trial was had in the Circuit Court, a verdict and judgment in favor of the defendant, and an appeal to this court.
It is insisted on behalf of the plaintiff, that the court erred in setting aside the first order granting to the plaintiff an appeal to this court, and reinstating and making absolute the rule for a new trial. In this we think there is no error. In order to give the Circuit Court jurisdiction of the case, it was necessary that the papers from before the Justice should show that an appeal had been prayed and granted from his judgment, the mere recital in the appeal bond not being sufficient for this purpose. The absence of such an entry by the Justice, made the whole of the subsequent proceedings in the Circuit Court absolutely null and void, and as the Circuit Judge had control of the record during the term the proceedings took place, he very rightfully as soon as he ascertained he had no jurisdiction of the case, ordered the record of the proceedings to be vacated.
But it is further argued that the record does not show that the amendment, that the appeal was prayed and granted from the Justice’s judgment, was made by the Justice who tried the cause. The act of the Legislature upon this subject, (Act of 1821, ch. 21,) says, “ where any party may take an appeal from any decision of a Justice of the Peace to the Circuit Court, and exception shall be taken to the form of the entry made by such inferior jurisdiction in granting the ap peal, or to the sufficiency of the bail, or security given in said appeal, or to the form of the bond, or that no bond has been taken, the Court shall from time to time, on application, allow the party making the same to supply any defects in the proceedings of the inferior jurisdiction, as though the same had been commenced in that court.”
The Act of the Legislature does not require that the amend *108 ment shall be made by the Justice; it says, that “ the court shall from time to time, on application allow the party making the same, to supply any defects in the proceedings of the inferior jurisdiction.” There must of course appear in the proceedings something by which the amendment can be made, as in this case there is a' very formal bond for the prosecution of the appeal attested by the Justice.
But the record in this case does not inform us whether the amendment was made by the Justice or not, and in the absence of proof on this point, it may very reasonably be inferred that it was. The judgment of the Circuit Court will therefore be affirmed.